*638 OPINION.
Aedndhcji :
In the report on this case published at 37 B. T. A. 530, we found as a fact that the petitioner agreed to pay dividends on its preferred stock “whether earned or not.” Eespondent, after publication of the report, objected to this finding on the ground that it is *639 not supported by the documentary evidence. He concedes that counsel for the petitioner stated at the hearing that dividends were to be paid whether eai'ned or not. One of petitioner’s witnesses also testified to the same effect. Counsel for the respondent made no objection to such statements and testimony at the hearing and made no mention of them in the letter he subsequently filed in lieu of a brief.
Upon reexamination of the record we find that counsel for the respondent is correct in his contention that the written contracts do not specifically provide for payment of dividends whether earned or not. We have changed the findings of fact accordingly. However, we are of the opinion that such change does not require a reversal of the result reached in our prior report. We have, in this class of cases, consistently taken the view, as expressed in Schmoll Fils Associated, Inc., 39 B. T. A. 411, that “The intention of the parties must be accorded great weight.” And in our prior report on this case we pointed out that “corporation stock certificates are no exception to the general rule of construction of written instruments, which places intent of the parties above mere form.”
The evidence in this case establishes that the vendors of the assets acquired by the petitioner did not intend to become investors in the petitioner. They wanted to be sure of receiving the selling price, with interest, regardless of whether the petitioner’s operations were profitable or not. Cf. Proctor Shop, Inc., 30 B. T. A. 121; aff'd., 82 Fed. (2d) 792. The petitioner, equally with the vendors, intended to pay the holders of its securities sums certain on definite dates without regard to earnings. As set out in the findings of fact, the three sales contracts provided specifically that dividends “shall be paid quarterly”, and all of the stock was to be retired within a definite period, with no expressed restriction to earnings. We regard the evidence of intent of the parties too clear to be overcome by formal recitations in the stock certificates.
The facts here make a stronger case for the petitioner than did the facts in the Schmoll Fils Associated case, supra. In that case the payments to security holders were to be made only out of profits, and there was no definite maturity date. In Richmond, Fredericksburg & Potomac Railroad Co., 33 B. T. A. 895; aff'd., 90 Fed. (2d) 971, the security issued had no specified maturity date. In both cases the securities were held to be evidences of debt and the periodic disbursements to holders were allowed as interest deductions. In the latter case the court’s opinion reads in part:
The fact that the principal of the guaranteed stock is not demandable by the stockholder in the absence of default in the payment of the guaranteed dividends is not conclusive of a stock investment. In the light of the other attributes of the stock, this indicates rather a debt as to which there is a right of renewal so long as the interest is paid when due. There is nothing in the fact that the *640 debt evidenced by the preferred stock is not payable at a fixed time which throws upon the holders thereof any of the risks with respect to the corporate enterprise which are characteristic of the position of the stockholder.
In the present case, as we have shown, there was a definite agreement to pay 7 percent quarterly and a definite promise to pay the principal at specified maturity dates. Applying the reasoning of the cited cases to the facts here, we hold, as in our prior report, that the disbursements in the taxable year amounted to interest on petitioner’s indebtedness and are deductible as such. Cf. National Grange Mutual Liability Co., 31 B. T. A. 666; aff'd., 80 Fed. (2d) 316; Brush-Moore Newspapers, Inc., 37 B. T. A. 787.

Decision will be entered for the petitioner.